UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

PETE ALVAREZ, :
       Plaintiff, :
 :
v. : No. 5:21-cv-01811
 :
AMCOR RIGID PLASTICS USA, LLC,[1] :
       Defendant. :
_____

**O P I N I O N**
**Defendant's Motion for Judgment on the Pleadings, ECF No. 8 - Granted**

**Joseph F. Leeson, Jr.**                                                                                         September 2, 2021
**United States District Judge**

**I.    INTRODUCTION**

In the above-captioned action, Plaintiff Pete Alvarez alleges that his former employer, Amcor, wrongfully terminated him in violation of state law after he suffered a work-related injury and requested workers' compensation benefits. Amcor filed an Answer denying the claim and asserting that the action is barred by the parties' contracted six-month period of limitations. Amcor has filed a Motion for Judgment on the Pleadings based on the time-bar. For the reasons set forth below, the Motion is granted.

**II.    BACKGROUND**

Alvarez initiated a Complaint in the Court of Common Pleas for Philadelphia County, which Amcor timely removed to this Court based on diversity jurisdiction. *See* Removal, ECF No. 1. The Complaint asserts one claim: wrongful termination/wrongful discharge in violation

---

[1]     Defendant asserts that the wrong corporate entity was named in the Complaint because, on June 10, 2019, Amcor Rigid Plastics USA, LLC changed its name to Amcor Rigid Packaging USA, LLC. For purposes of this Opinion, the Court refers to Defendant as "Amcor."

of Pennsylvania law. *See* Compl., ECF No. 1-4. The Complaint alleges as follows: Alvarez was employed with Amcor for approximately one-month as a machine operator. *See id.* ¶ 5. On Monday, September 30, 2019, the machine he was operating was running too fast and he had to spend hours leaning over the conveyor and working in an unsafe manner. *See id.* ¶ 7. After a few hours, his back began to hurt. *See id.* ¶ 8. Alvarez complained to his supervisor and was taken to "a makeshift medical facility" on-site where he was given Tylenol and ice. *See id.* ¶ 9. The next day, Alvarez reported his injury to his supervisor and asked to seek medical treatment. *See id.* ¶ 10. Amcor referred Alvarez to the hospital, where the doctor released him to light duty and scheduled a follow-up appointment for the following week. *See id.* ¶¶ 10-11. Alvarez provided this information to his supervisor, who asked Alvarez to move up his doctor's appointment so he could return to work on Friday. *See id.* ¶ 12. Alvarez responded that he did not believe he should disregard the doctor's instructions and did not believe two days off was sufficient time. *See id.* ¶ 13. Thereafter, Alvarez was terminated. *See id.* ¶ 14. Alvarez asserts that the termination was based on his injuries and in retaliation for requesting workers' compensation. *See id.* ¶ 17.

Amcor filed an Answer to the Complaint, with affirmative defenses. *See* Answer, ECF No. 4. Amcor admits the following: on or about September 30, 2019, Alvarez was working as a machine operator on a machine producing plastic bottles. *Id.* ¶ 6. Alvarez notified his supervisor that his back was hurting and was taken to a first aid station on Amcor's premises where he was given Tylenol and ice. *Id.* ¶ 9. The following day, Alvarez reported to work and asked to seek medical treatment for his pain. *Id.* ¶ 10. Amcor's Health and Environmental

Safety Manager offered that Alvarez go to the hospital. *Id.*[2] Amcor alleges, not inconsistent with the Complaint, that Alvarez "received a return to work note from his doctor on October 2, 2019 which included restrictions and . . . had a follow-up appointment the following Monday, October 7, 2019." *Id.* Amcor admits that it asked Alvarez to move his follow-up appointment to Friday, October 4, 2019, and that Alvarez refused.[3] *Id.* ¶ 12. Amcor terminated Alvarez effective October 4, 2019, which it asserts was "due to the amount of attendance points he had accumulated, which violated the Attendance Policy." *Id.* ¶ 14.[4] In its affirmative defenses, Amcor contends that Alvarez's claim is barred by the six-month statute of limitations set forth in Amcor's employee handbook, which is attached to the Answer. *See* Aff. Def. ¶ 4 and Ex. A, ECF No. 4. Also attached to the Answer is the form Alvarez signed acknowledging receipt of the employee handbook. *Id.* and Ex. B.

The handbook states:

8.8 TIME LIMITATION FOR FILING CLAIMS In the event the co-worker wishes to file a claim or lawsuit against the company, the co-worker agrees and acknowledges that the co-worker must file the claim or lawsuit within six (6) months after the date of the decision, event, or employment action that is the subject of co-worker's claim or lawsuit. If a claim or lawsuit is not filed on a timely basis, co-worker's claim or lawsuit will be deemed to have been waived and forever barred by this contractual time limitation for filing claims provision. The co-worker understands that in consideration for continued employment with Amcor and for wages, co-worker must file the claim or lawsuit within six (6) months after the date of the decision, event, or employment action that is the subject of the co-worker's

---

[2] Amcor further alleges that its Manager offered that Alvarez go to the Emergency Room or continue to treat at Amcor's first aid station until he could be scheduled for an appointment with Amcor's provider, St. Luke's, when it opened in the morning. *Id.* ¶ 10. Alvarez declined these options and left work early to go home. *Id.* He did not agree to go to St. Luke's until the following day. *Id.* These additional allegations, regardless of whether or not they are disputed, are not material to the issue in the pending Motion.

[3] Amcor further alleges that the reason Alvarez gave for refusing to move up his appointment was that "St. Luke's was too far away" and he was "too busy." *Id.* ¶ 13. This dispute is not material to the issue in the pending Motion.

[4] This dispute is not material to the issue in the pending Motion.

> claim or lawsuit. Co-worker understands that the time limitation for filing claims arising out of an employment action may be longer than six (6) months under state or federal law, but co-worker acknowledges that he or she is bound by the six (6) month time limitation and waives any time limitation for filing claims to the contrary, to the maximum extent permitted by law.

Ex. A. at 55. On September 9, 2019, Alvarez signed a form acknowledging receipt of the employee handbook. Ex. B, ECF No. 4. In the paragraph directly above his signature, Alvarez specifically agreed to be bound by the six-month time limitations for filing claims. *Id.*

The instant action was initiated with the filing of the Complaint in state court, on March 3, 2021. Currently pending is Amcor's Motion for Judgment on the Pleadings, which asserts that the case should be dismissed in its entirety with prejudice because it is time-barred by the parties' agreed-upon period of limitations, which Amcor argues is reasonable and enforceable. *See* Mot. and Brief, ECF No. 8. In response, Alvarez contends that because his wrongful discharge claim is based in clear mandates of public policy, any contractual limitation to his rights to enforce the same also violates public policy and is therefore unenforceable. *See* Resp., ECF No. 15. Amcor replies that Alvarez confuses the question of whether public policy supports a wrongful discharge claim with whether public policy precludes the parties' contractual limitations period. *See* Reply, ECF No. 16. Amcor suggests that if Alvarez's position were correct, there could never be a contractually agreed upon period of limitation, which is not the law in Pennsylvania. *See id.* at 1.

## III.  LEGAL STANDARDS

### A.  Motion for Judgment on the Pleadings – Review of Applicable Law

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a motion for judgment on the pleadings under Rule 12(c), the

Court considers the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, matters of public record, and indisputably authentic documents attached to the motion—provided the claims are based on these documents." *Doe v. Archdiocese of Phila.*, No. 20-3024, 2021 U.S. Dist. LEXIS 38426, at *6-7 (E.D. Pa. Mar. 2, 2021) (stating that the court "may properly consider a statute of limitations defense on a motion for judgment on the pleadings").  See also *Vacanti v. Apothaker & Assocs., P.C.*, No. 09-5827, 2010 U.S. Dist. LEXIS 120109, at *6 (E.D. Pa. Nov. 12, 2010) (explaining that the notable difference between the standard under 12(b)(6) and 12(c) is "that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings" (internal quotations omitted)).  "Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law. [The court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (internal citations omitted).

      **B.**    **Contractually Limited Time Periods - Review of Applicable Law**

"[I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608-09 (1947); 42 Pa. C.S.A § 5501(a) ( "An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless, in the case of a civil action or proceeding, a different time is provided by this title or another statute or a shorter time which is not manifestly unreasonable is prescribed by written

agreement."). In determining whether a contract is enforceable under Pennsylvania law, the court considers: "(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration." *Atacs Corp. v. Trans World Communs.*, 155 F.3d 659, 666 (3d Cir. 1998).

IV.     ANALYSIS

There is no dispute that Alvarez manifested his intention to be bound by the provisions of Amcor's employee handbook, as evidenced by his express written consent, *see* Ex. B, or that the six-month limitations period was sufficiently clear, *see* Ex. A, or that the contractual limitation provision was supported by consideration in the form of Alvarez's employment, *see Evans v. Gordon Food Servs.*, No. 3:14-CV-01242, 2015 U.S. Dist. LEXIS 98563, at *24 (M.D. Pa. July 29, 2015) (concluding that "by mere virtue of the fact that employment was taken, consideration existed to support the limitations period provision within the employment contract").  The only issue is whether six months is a reasonable period.

In light of the fact that Alvarez raises only a state-law tort claim for wrongful discharge and does not allege a violation of any federal statute, the contracted six-month limitations period is reasonable.  *See Cole v. Federal Ex. Corp.*, No. 06-3485, 2008 U.S. Dist. LEXIS 71431, *27-28 (E.D. Pa. Sept. 19, 2009) (concluding that a six-month limitations period in the plaintiff's employment agreement was reasonable and dismissing as time-barred the plaintiff's state-law tort claims against his employer, while noting that a six-month contractual limitation would not be reasonable as to claims pursuant to federal statutes such as Title VII or the ADA); *Hodges v. SCE Envtl. Grp., Inc.*, No. 3:11cv1410, 2012 U.S. Dist. LEXIS 72490, at *10 (M.D. Pa. May 24, 2012) (noting that courts have found a limitations period as short as six months to be reasonable

in employment discrimination cases). *Accord Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 266 (3d Cir. 2003) (citing to cases that found a six-month limitations period to be reasonable in reasoning that an only thirty-day limitations period in an employment contract was not reasonable).  This Court found no caselaw to support Alvarez's suggestion that simply because his state-law claim is rooted in public policy, any shorter contracted period of limitations is unreasonable.  As the previous case citations reflect, the opposite is true.  Accordingly, the parties' contracted period of limitations is enforceable.  Amcor terminated Alvarez on October 4, 2019, but the Complaint was not filed until seventeen months later on March 3, 2021.  The claim is therefore time-barred.

**V.     CONCLUSION**

Alvarez signed an employment agreement that contained a provision stating that all claims against Amcor must be brought "within six (6) months after the date of the decision, event, or employment action that is the subject of co-worker's claim or lawsuit."  However, Alvarez waited seventeen months before bringing a wrongful discharge claim against Amcor in state court.  Because the contracted six-month limitations period is reasonable, Alvarez's claim is time-barred.  Amcor's Motion for Judgment of the Pleadings is granted.  The above-captioned action is dismissed with prejudice.

A separate order follows.

                                                BY THE COURT:

                                                */s/ Joseph F. Leeson, Jr.*
                                                JOSEPH F. LEESON, JR.
                                                United States District Judge